IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN HENRY HENDRIX,<br><br>        Petitioner,<br><br>  vs.<br><br>WARDEN,<br><br>        Respondent. | No. C 06-4566 TEH (PR)<br><br>**ORDER DISMISSING HABEAS PETITION FOR FAILURE TO EXHAUST STATE REMEDIES AND INSTRUCTIONS TO THE CLERK**<br><br>(Docket No. 3) |

      Petitioner, a state prisoner currently incarcerated at Atascadero State Hospital in Atascadero, California, filed a pro se petition for a writ of habeas corpus under 28 U.S.C. § 2254 on June 30, 2006 in the United States District Court for the Central District of California that was transferred to this Court on July 27, 2006. Petitioner has also filed a motion to proceed in forma pauperis (docket no. 3), which is now DENIED as moot. Petitioner challenges the validity of his guilty plea, which resulted in a three year sentence, on the grounds that there was insufficient evidence of Petitioner's guilt. Petitioner alleges in the petition that he did not appeal to the California Supreme Court.

      A state prisoner who wishes to challenge collaterally in federal habeas proceedings either the fact or length of their confinement is first required to exhaust state judicial remedies, either on direct appeal or through collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every claim he seeks to raise in federal court. 28 U.S.C. § 2254(b),(c); Rose v. Lundy, 455 U.S. 509, 515-16 (1982); Duckworth v. Serrano, 454 U.S. 1, 3 (1981); McNeeley v.

Arave, 842 F.2d 230, 231 (9th Cir. 1988).  The state's highest court must be given an opportunity to rule on the claims even if review is discretionary.  See O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999) (petitioner must invoke "one complete round of the State's established appellate review process.").

In this case, Petitioner states in his petition that he has neither appealed the conviction to the state's highest court nor brought any collateral challenges regarding his conviction.  As a result, he has not exhausted his state remedies, and the petition must be dismissed.  Rose at 510.  A dismissal solely for failure to exhaust is not a bar to Petitioner returning to federal court after exhausting available state remedies, if the relief he seeks is not granted there. Trimble v. City of Santa Rosa, 49 F.3d 583, 586 (9th Cir. 1995).

Accordingly, this petition is DISMISSED without prejudice to Petitioner filing a new federal habeas corpus petition once he has exhausted state remedies by presenting his claims to the highest state court.  The Clerk shall enter judgment in accordance with this order and close the file.

SO ORDERED.

DATED:   04/10/07   

_____
THELTON E. HENDERSON
United States District Judge

2